IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN C. WIGGINS,

        Petitioner,

V.

BILL MASSEE,

        Respondent.

NO. 5:23-cv-00045-MTT-CHW

### ORDER OF DISMISSAL

Petitioner John C. Wiggins, a prisoner in the Baldwin County Jail in Milledgeville, Georgia, filed a handwritten document that was docketed as a 28 U.S.C. § 2254 petition for a writ of habeas corpus. Pet. for Writ of Habeas Corpus, ECF No. 1. He did not, however, use the required habeas corpus form. Therefore, Petitioner was ordered to recast his petition on the proper form. Order, ECF No. 3. Petitioner was further ordered to either pay the $5.00 filing fee for the petition or move to proceed without prepayment of the filing fee. *Id.* Petitioner was given fourteen days to complete these actions and was cautioned that his failure to do so could result in the dismissal of this case. *Id.*

More than fourteen days passed following entry of that order, and Petitioner did not take any of the ordered actions or otherwise respond to the order. Accordingly, Petitioner was ordered to show cause to the Court why this case should not be dismissed based on his failure to comply with the order to recast his petition and pay the filing fee or move for leave to proceed *in forma pauperis*. Order to Show Cause, ECF No. 4. That order to show cause was subsequently returned to the Court as undeliverable with a notation that Petitioner was no longer in jail. Mail Returned, ECF No. 5

After the show cause order was entered, the Court received and docketed a recast petition for a writ of habeas corpus that was on the required form. Recast Petition, ECF No. 6. Although Petitioner still listed the Baldwin County Jail as his place of incarceration, the petition was dated before the order to show cause was entered, and thus, it was unclear whether Petitioner was still in the Baldwin County Jail. *See id*. at 1, 15. Moreover, although Petitioner stated on the recast petition that the filing fee would be in the mail soon, Attach. to Recast Petition, ECF No. 6-1, no filing fee had been received by the Court.

Therefore, out of an abundance of caution, Petitioner was ordered to respond and show cause to the Court why this case should not be dismissed based on his failure to keep the Court apprised of his current address and his failure to pay the $5.00 filing fee or to seek leave to proceed *in forma pauperis*. Order to Show Cause, ECF No. 7. Petitioner was given fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this action. *Id*.

More than fourteen days have now passed since the show cause order was entered, and Plaintiff has not responded to that order. Moreover, that order was also returned to this Court. As previously noted, it is Petitioner's responsibility to keep the Court apprised of his current address, and insofar as this Court has no information regarding Petitioner's current whereabouts, this case cannot continue.

Therefore, because Petitioner has failed to respond to the Court's orders and has otherwise failed to prosecute this case, it is hereby **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court

may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

    **SO ORDERED**,  this 1st day of June, 2023.

                                         S/ Marc T. Treadwell
                                         MARC T. TREADWELL, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT